Metro Kardash, Appellant, *v.* James D. Barger, Commissioner, Pennsylvania State Police, Appellee.

Stephen Luchansky, Appellant, *v.* James D. Barger, Commissioner, Pennsylvania State Police, Appellee.

Cpl. Curtis W. Guyette, Appellant, *v.* James D. Barger, Commissioner, Pennsylvania State Police, Appellee.

544

（■■■■■■■■■■■■■■）

Argued February 4, 1975, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, MENCER,
ROGERS and BLATT. Judge WILKINSON, JR. did not par-
ticipate.

*Andrew M. Pipa, Jr.,* with him *Guy W. Schlesinger,
Wallace C. Worth, Jr.,* and *Paul C. Vangrossi,* for appel-
lants.

*J. Andrew Smyser,* Deputy Attorney General, with
him *Benjamin Lerner,* Deputy Attorney General, and
*Robert P. Kane,* Attorney General, for appellee.

PER CURIAM OPINION, March 6, 1975:

By order dated June 18, 1974, we directed the rein-
statement of Stephen Luchansky, Metro Kardash and
Curtis W. Guyette to their positions of enlisted members
of the Pennsylvania State Police "as of the date of their,
and each of their, suspensions from duty, with pay from
the dates of suspension. . . ." *Luchansky v. Barger,* 14 Pa.
Commonwealth Ct. 26, 321 A.2d 376 (1974). No applica-

tions for allowance of appeal were made by the Commissioner of the Pennsylvania State Police. In compliance with our order, the Commissioner reinstated the members on July 1, 1974. With respect to pay, the Commissioner filed written interrogatories, the answers to which revealed that each, Luchansky, Kardash and Guyette, had earned substantial amounts of income in other employment during the period from the date of his suspension until the date of his reinstatement. The Commissioner then caused each member to be paid the difference between the amount he would have been paid during this period and the amount earned.

We have now before us the petitions of Luchansky, Kardash and Guyette to enforce our order of June 18, 1974, requesting us to order the Commissioner to pay them the amounts deducted on account of their earnings in private employment. The Commissioner contends that he properly interpreted our order to mean that the members should receive their pay less private earnings during the period of their suspension and discharge.

The Commissioner interpreted our order properly. Section 711 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §251 (Supp. 1974-1975), relating to dismissals after court-marital of members of the Pennsylvania State Police is silent on the subject of the entitlement to pay of members ordered reinstated on appeal. We intended by our order to do no more than prevent monetary loss by the petitioners and to protect them from possible economic retribution upon their reinstatement. Our intention, here declared, comports with the holding in *Vega v. Burgettstown Borough,* 394 Pa. 406, 147 A.2d 620 (1958), where similar deductions from the back pay of a Borough chief of police were upheld, despite a statute providing in the case of reinstatement for "full pay for the entire period during which he may have been prevented from performing his usual employment."

Petitions dismissed.